IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BOBBY GENTRY | § | |
| v. | § | CIVIL ACTION NO. 6:22cv325 |
| OFFICER LEWIS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Bobby Gentry filed this civil action complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On August 24, 2022, Plaintiff was ordered to furnish inmate account information and to file an amended complaint setting out a short and plain statement of his claim, in conformity with Rule 8(a), Fed. R. Civ. P.  The two orders were sent to Plaintiff together, along with a standard complaint form to assist him in filing his amended complaint. Although Plaintiff filed an inmate account summary on September 6, 2022, he has not filed an amended complaint, nor shown good cause for his failure to do so.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court.  McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b).  Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action.  Id., *citing* Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that

plaintiff its benefit." McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988), *citing* Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. McNeal, 842 F.2d at 793.

Plaintiff's failure to file an amended complaint containing a short and plain statement of his claim is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted.  The imposition of fines and costs is not appropriate given the status and nature of this case. Some of the incidents appear to have taken place in 2019, and it is not clear when the remainder occurred, meaning that a dismissal without prejudice could operate as a dismissal with prejudice because of the operation of the statute of limitations.  The Fifth Circuit has held that where the applicable statute of limitations likely bars future litigation, a dismissal without prejudice should be reviewed under the same heightened standards used to review a dismissal with prejudice. *See* Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 326 (5th Cir. 2008). Upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice, with the statute of limitations suspended for a period of sixty days following the date of entry of final judgment in this case.  *See* Mills v. Criminal District Court No. 3, 837 F.2d 677, 680 (5th Cir. 1988); Rodriguez v. Holmes, 963 F.2d 799, 802 (5th Cir. 1992).  The suspension of the statute of limitations should have no effect upon any claims which were already barred by limitations at the time the original complaint was filed.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. It is further recommended that the statute of limitations be suspended for a period of sixty (60) days from the date of entry of final judgment in the case.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 11th day of October, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE